IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE R. CRANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-286-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER, SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

Ms. Michelle Crane seeks judicial review of an administrative law judge's findings at steps three and five of the Social Security Administration's process for evaluating disability claims.

I.   Summary of the Issues

Step three involves consideration of regulatory *listings* that constitute a conclusive presumption of a *disability*. At this step, the ALJ found that the Plaintiff didn't satisfy the musculoskeletal listings. The Plaintiff challenges this finding based on Listing 1.04(A), which addresses spinal disorders. According to the Plaintiff, the ALJ:

- should have discussed reports by a consulting physician and surgeon and
- inadequately explained the analysis under Listing 1.04(A).

These contentions are invalid because the medical reports were not significantly probative and the ALJ adequately explained her thought-process.

At step five, Ms. Crane alleges failure to consider the combined effect of her impairments. But she does not elaborate.

The Plaintiff also contends that the ALJ's findings at step five were inconsistent. The ALJ found that the Plaintiff couldn't interact with the public. But, according to the Plaintiff, the ALJ relied on three jobs (sorter, final assembler, and surveillance-system-monitor) that would have required public interaction. The Plaintiff is incorrect because the ALJ didn't just find an inability to engage in personal interaction; she also found an ability to adapt to work situations and interact with supervisors and peers on a superficial basis. These abilities would have allowed Ms. Crane to work as a sorter, final assembler, and surveillance-system-monitor; and the administrative law judge's rationale was consistent and supported by the record.

Without error at step three or five, the Court should affirm the administrative decision.

II.   The ALJ's Step-Three Analysis

Step three involves the agency's *listings*, which constitute a conclusive presumption of disability.[1] At this step, the administrative law judge must consider the listings and explain when they are not met or equaled.[2] The ALJ complied with these requirements.

---

[1]   *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[2]   *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

A.   Explanation by the ALJ

The Plaintiff argues in part that the ALJ failed to explain her analysis on Listing 1.04(A) and omitted discussion of reports by a consultative examiner and surgeon. These arguments are invalid.

### Analysis of the Listing

Ms. Crane contends in part that the ALJ didn't say why she thought the evidence was deficient on Listing 1.04(A). This contention is incorrect, for the ALJ explained:

> She does not have findings of a loss of gait and station, or a lack of gross and fine manipulation. There is no evidence of joint dysfunction or malformation. She does not have consistent evidence of reflex loss, motor loss, sensory loss, muscle atrophy, positive straight-leg raising or other findings to meet the requirements for listed musculoskeletal impairments.[3]

The Plaintiff disregards this explanation, and it suffices because it tells us why the ALJ found that none of the musculoskeletal listings (including Listing 1.04) had been satisfied.[4]

### Alleged Need to Discuss Reports by a Consulting Examiner and Surgeon

Ms. Crane also argues the ALJ should have discussed reports by a consultative examiner and surgeon. According to the Plaintiff, the reports would have led the ALJ to find reflex loss, positive results on a straight-leg-raising test, and lumbar spinal stenosis and spondylosis. The Plaintiff's argument should be rejected.

---

[3]   R. at p. 15.

[4]   *See Morgan v. Astrue*, 236 F. App'x 394, 396-97 (10th Cir. 2007).

ALJs need not discuss everything in the record;[5] rather, they need to discuss an item only when it is *uncontroverted* or *significantly probative*.[6]

The Plaintiff's argument is based in part on the consulting examiner's reference to "decreased sensation in stocking pattern" of the lower extremities.[7] The administrative law judge acknowledged this reference, pointing out that the consultative examiner had found "decreased sensation in [the] lower extremities in a stocking pattern, up to the mid-calf bilaterally."[8] The ALJ discussed the evidence,[9] and the Plaintiff doesn't say how the decreased sensation should have affected the analysis under Listing 1.04(A).

The potential effect is not apparent. As noted above, the ALJ's application of the listing was based on the adequacy of Ms. Crane's gait and station; ability to engage in gross and fine manipulation; absence of evidence of joint dysfunction or malformation; and inconsistency of evidence involving reflex loss, motor and sensory loss, muscle atrophy, and positive straight-leg-raising tests.[10] The Plaintiff does not say how this rationale would have been affected by decreased sensation in the lower extremities.

---

[5]   *E.g.*, *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

[6]   *E.g.*, *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

[7]   R. at p. 324.

[8]   R. at p. 12.

[9]   R. at p. 12.

[10]  R. at p. 15; *see supra* p. 2.

The Plaintiff also argues that a surgical report would have shown reflex loss, a positive result on a straight-leg-raising test, and dysfunction or malformation of the joints. But the surgical report reflected Ms. Crane's condition in August 2006,[11] more than 2½ years before her alleged onset of a disability.  At the time, Ms. Crane was preparing to undergo treatment of these conditions through a hemilaminotomy and decompression.[12] Ms. Crane's condition in August 2006, prior to her surgery, was not significantly probative of her condition more than 2½ years later (when she allegedly became disabled).  As a result, the ALJ had no duty to discuss the 2006 surgical report.[13]

B.   Substantial Evidence for the ALJ's Findings

The Plaintiff also complains that the administrative law judge lacked substantial evidence for her conclusion because there was evidence of reflex loss and a positive result on a straight-leg-raising test.  This argument is based on a misreading of the administrative opinion because the ALJ didn't question the existence of evidence involving reflex loss or positive straight-leg-raising tests.  Instead, the ALJ simply said that the evidence was

---

[11]   R. at pp. 401-07 (*cited in* Pl.'s Opening Br. 10, ECF No. 14).

[12]   R. at pp. 407-08.

[13]   *See Bigpond v. Astrue*, 280 F. App'x 716, 718-19 (10th Cir. 2008) (holding that the ALJ had no duty to discuss evidence of physical problems in 2003 because they were not significantly probative of the claimant's condition six years earlier).

*inconsistent* with respect to reflex loss and positive straight-leg-raising tests.[14] This statement constituted a reasonable interpretation of the record.

III.   The Combined Effect of the Physical and Mental Impairments

Ms. Crane also contends: (1) The ALJ "failed to fully evaluate the Plaintiff's mental impairments into consideration at Step 5," and (2) "[t]he Plaintiff's mental impairments must be evaluated in combination with the effects of any other of her impairments."[15] Ms. Crane's claim is unclear, for she does not refer to any finding by the ALJ or identify any of the evidence allegedly disregarded.

IV.   The Relationship Between the Mental Limitations and Job Requirements

At step five, the ALJ concluded that Ms. Crane could work as a sorter, final assembler, and surveillance system monitor.[16] Ms. Crane argues that she could not perform these jobs because they would have required "contact with others to take orders" and the ALJ found an inability to interact with the public.[17] But the ALJ also found that Ms. Crane could "interact appropriately with supervisors and peers on a superficial work basis and [could] adapt to work situations."[18] This finding prevents any internal conflict within the ALJ's opinion.

---

[14]   R. at p. 15.

[15]   Pl.'s Opening Br. 13, ECF No. 14.

[16]   R. at 20.

[17]   Pl.'s Opening Br. 14-15, ECF No. 14.

[18]   R. at 16.

V.   Recommended Ruling

The ALJ did not err at step three or five. Thus, I recommend that the Court affirm the administrative decision to deny disability benefits.

VI.   Notice of the Right to Object

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.[19] The deadline for objections is December 15, 2012.[20] The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[21]

VII.   Status of the Referral

The referral is discharged.

Entered this 28th day of November, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[19]   *See* 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[20]   *See* 28 U.S.C.A. § 636(b)(1) (West 2011 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).

[21]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).